UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARL CRUM  (#112063)

VERSUS                                                         CIVIL ACTION

CHARLES FOTI, ET AL                                NUMBER 08-57-RET-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, August 11, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EARL CRUM  (#112063)

VERSUS                                                            CIVIL ACTION

CHARLES FOTI, ET AL                                  NUMBER 08-57-RET-DLD

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against former Louisiana Attorney General Charles Foti and East Baton Rouge District Attorney Doug Moreau. Plaintiff sought to compel the production of biological evidence for DNA testing.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts

which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Crum was convicted of one count armed robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on September 29, 1994. Crum was sentenced to 150 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence in the custody of the Louisiana Department of Public Safety and Corrections. Crum's conviction and sentence were affirmed on appeal. *State of Louisiana v. Earl Crum*, Nos. 95-1856 and 95-1396 (La.App. 1st Cir. 1996); 676 So.2d 1203.

Crum filed an application for a writ of habeas corpus pursuant to 42 U.S.C. § 2254. *Earl Crum v. Burl Cain, et al*, CV 01-842-FJP-CN (M.D. La.). Crum's § 2254 habeas corpus application was denied as untimely pursuant to 28 U.S.C. § 2244(d)(1). The United States Court of Appeals for the Fifth Circuit denied Crum's motion for a certificate of appealability. No. 02-30368 (5th Cir. October 28, 2002).

Crum filed this action seeking to compel state officials to produce biological evidence for DNA testing.

A claim to compel the state to produce biological evidence for DNA testing is cognizable only in a habeas corpus action. *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir. 2002) (citing *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994)).

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, _____August 11_____, 2008.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE